UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:97-CR-211 CEJ |
| ) | |
| ISAAC PIKE, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court upon the motions of Isaac Pike for return of property, filed pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.[1]

On November 28, 1997, a jury found Pike guilty of conspiracy to distribute cocaine and money laundering. The evidence established that Pike and other individuals transported cocaine and drug proceeds between St. Louis and California. Multiple seizures of drugs and currency from Pike and other co-conspirators were made by law enforcement officers at the St. Louis, Missouri airport. In the present motions, Pike seeks the return of currency that was seized from him on two separate occasions by agents of the Drug Enforcement Administration. All of the currency has now been forfeited to the United States.

Rule 41(g) of the Federal Rules of Criminal Procedure permits "[a] person aggrieved by an unlawful search and seizure of property" to file a motion in the district court for return of the property. A Rule 41(g) motion cannot be used to

---

[1] Rule 41(g) was formerly designated Rule 41(e).

collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim. In re Harper, 835 F.2d 1273, 1274 (8th Cir. 1993). "[T]he legality of a seizure should be tested in the forfeiting proceeding." Id. At 1274-75 [citing United States v. Rapp, 539 F.2d 1156, 1161 (8th Cir. 1976)]. The district court lacks jurisdiction to hear a challenge to a completed forfeiture. However, the court does have jurisdiction to consider a claim of inadequate notice of a forfeiture proceeding. See United States v. Woodall, 12 F.3d 791, 793-94 (8th Cir. 1993).

It is "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality [that] notice reasonably calculated . . . to apprise interested parties of the pendency of the action . . ." be given. Mullane v. Central Hanover Bank, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). "The operative question is whether notice was adequate at the time that the notice was sent, and due process is not satisfied 'if the notifying party knew or had reason to know that notice would be ineffective.'" United States v. Krecioch, 221 F.3d 976, 980 (7th Cir. 2000) [quoting, Sarit v. U.S. Drug Enforcement Admin., 987 F.2d 10, 14 (1st Cir. 1993).]

### Seizure of $9,158.00

On May 23, 1989, DEA agents seized $9,158.00 from Pike at the St. Louis airport. The seizing officer issued Pike a receipt for the money. Thereafter, the government initiated administrative forfeiture proceedings against the currency. Specifically, a notice of seizure and intent to forfeit was published in a newspaper of general circulation in the Eastern District of Missouri once a week for three successive

weeks, beginning on July 5, 1989. Also, a notice of the seizure and intent to forfeit dated July 12, 1989 was sent by certified mail addressed to Pike at "4624 Resfield Ct., St. Louis, Missouri 63121." The return receipt bears the signature "Isaac Pike" as the recipient. The notice procedures followed by the government were in accordance with the statutes and regulations governing administrative forfeitures. See 18 U.S.C. §§ 981(b), 983; 19 U.S.C. §§ 1607-1609; 21 U.S.C. § 881(b); and 21 C.F.R. § 1316.75. No claim of interest to the property was received, and the currency was forfeited to the United States on November 23, 1989. See 19 U.S.C. §§ 1908, 1909.

Pike states that his residence address on May 23, 1989 (the date on which the currency was seized) was "3001 Wheaton, St. Louis, Missouri, 63114." He further states that he never resided at 4624 Resfield Ct., the address to which the notice of the impending forfeiture was mailed, and therefore it would have been "impossible" for him to have signed the return receipt. Therefore, Pike argues, the forfeiture of the currency is invalid due to insufficient notice.

The Court has been provided no information or evidence that would support a finding that the government officials involved in this case knew or had reason to know that sending the notice of seizure addressed to Pike at the Resfield Ct. address would be ineffective to give Pike notice of the impending forfeiture. To the contrary, the return receipt bearing the signature "Isaac Pike" establishes that the notification was effective. It is noteworthy that Pike does not unequivocally deny that the signature on the return receipt is his. Instead, he merely asserts that because he did not live at the Resfield Ct. address, "it would be impossible that [he] could have

signed a United States Postal domestic return receipt for the delivery of the written notice." However, when a comparison is made between the signature on the receipt and Pike's signatures on the pleadings he has submitted in this case, the similarity is undeniable. See Miner v. United States, 272 Fed. Appx. 530, 2008 WL 918814 (8th Cir. 2008) (in Rule 41(g) proceeding, district court did not err in authenticating a signature on a return receipt by comparing it to a signature that movant conceded was his) The Court finds that Pike did in fact sign the return receipt card acknowledging his receipt of the forfeiture notice. Therefore, Pike is not entitled to the return of the $9,158.00 that was seized from him on May 23, 1989.

**Seizure of $1.136.00**

On September 28, 1995, DEA agents seized $1,136.00 in United States currency from Pike at the St. Louis airport. Thereafter, the government initiated administrative forfeiture proceedings against the currency. A notice of seizure and intent to forfeit was published in a newspaper of general circulation in the Eastern District of Missouri once a week for three successive weeks, beginning on December 20, 1995. The notices advised that the deadline for filing a claim was January 9, 1996. A notice of the seizure and intent to forfeit dated February 8, 1996 was sent by certified mail addressed to Pike at 3001 Wheaton Ave., St. Louis, Missouri 63114, which was his last known address. After two attempts at delivery, the notice was returned by the United States Postal Service as "unclaimed."

The notice procedures followed by the government were in accordance with the statutes and regulations governing administrative forfeitures. See 18 U.S.C. §§ 981(b), 983; 19 U.S.C. §§ 1607-1609; 21 U.S.C. § 881(b); and 21 C.F.R. § 1316.75.

Because no claim was filed and the deadline for doing so passed, the currency was forfeited to the United States on April 29, 1996. See 19 U.S.C. §§ 1908, 1909.

In a letter dated January 7, 2000, Pike wrote to the DEA, asking about the disposition of the seized currency and asking whether there had been "any judicial proceeding on this matter." He also asked the DEA to provide him all documents pertaining to the seizure. At the time of his letter, Pike was incarcerated in the Federal Correctional Institution in Pekin, Illinois. By letter dated February 14, 2000, the DEA responded, enclosing a copy of the notice of seizure and referring to the 20-day time period for filing a claim. The letter, however, stated, "because of an unavoidable delay in sending this notice to you, the Drug Enforcement Administration will allow you twenty (20) days from receipt of this letter to respond as you deem appropriate. Please carefully read the entire notice." The letter was sent to Pike by certified mail at FCI Pekin, and the return receipt shows that it was received at the prison on February 23, 2000. Pike replied to the DEA in an undated letter, stating that his previous request for documents was for the purpose of filing a Rule 41(g) motion. He enclosed a copy of the DEA's February 14, 2000 letter and a copy of a motion for return of the currency. The Court's records show that Pike filed his Rule 41(g) motion for return of the $1,316.00 on March 13, 2000. No claim or cost bond was filed.

Pike asserts that the notice of seizure mailed by the DEA in February 1996 was ineffective because it was not sent to his residence address. Even if this assertion were true, Pike nevertheless received notice of the forfeiture in sufficient time to contest it. In the February 14, 2000 letter, Pike was given specific instructions on how to contest the forfeiture (*i.e.*, by filing a claim of ownership and a cost bond with

the DEA) and was told that he had twenty days in which to respond.  Pike received the letter on February 23, 2000, well before he filed the Rule 41(g) motion.  Instead of contesting the forfeiture, Pike responded by complaining that he had not been provided documents he'd requested.   The Court finds that Pike was given adequate notice of the seizure and forfeiture, and, having failed to pursue the remedy available to him to contest the forfeiture, he is not entitled to relief under Rule 41(g).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motions of Isaac Pike for return of property [Doc. Nos. 624 and 628] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of June, 2010.